## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

_Jovo Blesich_ )
)
)
)
(Name of the plaintiff or plaintiffs) )
)
v. )
)
_Corn Products_ )
)
_6400 S. Archer Ave_ )
_Bedford Park IL. 60501_ )
(Name of the defendant or defendants) )

**08CV4590**
**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE MASON**

**RECEIVED**
Aug 13, 2008
AUG 13 2008 J.C
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Jovo Blesich_ of the county of _LAKE_ in the state of _INDIANA_.

3. The defendant is _Corn Products International_, whose street address is _6400 S. Archer Ave_,
(city) _Bedford Park_ (county) _Cook_ (state) _Illinois_ (ZIP) _60501_
(Defendant's telephone number) (_708_) – _563 - 2400_

II The plaintiff sought employment or was employed by the defendant at (street address)
_6400 S. Archer Ave_ (city) _Bedford Park_
(county) _Cook_ (state) _ILL_ (ZIP code) _6_

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)__11__, (day)__1__, (year) 2006 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff  [*check*

                              filed a charge or charges against the defendant

*one box*]  ☒ has not  ☑ has

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

    (i)    ☑ the United States Equal Employment Opportunity Commission, on or about

               (month)__8__ (day)__10__ (year) 2007 .

    (ii)    ☑ the Illinois Department of Human Rights, on or about

               (month)__8__ (day)__10__ (year) 2007 .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.  ☑ YES.  ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received.  The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

        ☑ Yes (month)__8__ (day)__10__ (year) 2007

        ☒ No, did not file Complaint of Employment Discrimination

    2.    The plaintiff received a Final Agency Decision on (month) __5__

        (day) __13__ (year) 2008 .

    c.    Attached is a copy of the

        a.   Complaint of Employment Discrimination,

              ☑ YES    ☐ NO, but a copy will be filed within 14 days.

        (ii) Final Agency Decision

              ☑ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a)☐ the United States Equal Employment Opportunity Commission has not issued a

   *Notice of Right to Sue.*

   (b)☑ the United States Equal Employment Opportunity Commission has issued a

   *Notice of Right to Sue*, which was received by the plaintiff on
   (month)___5___ (day)_13_ (year)_2008_ a copy of which *Notice*
   is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a)☑ Age (Age Discrimination Employment Act).

   (b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c)☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

   (d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e)☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (f)☐ Religion (Title VII of the Civil Rights Act of 1964)

   (g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10.   If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.   Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.   The defendant [*check only those that apply*]

   (a)☐ failed to hire the plaintiff.

   (b)☐ terminated the plaintiff's employment.

   (c)☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): _DID not give me the chance to_ _transfer to the (LAB Dept) even though by Union_ _agreement I should have had the 1ST chance. QB._

_____

_____

_____

13.   The facts supporting the plaintiff's claim of discrimination are as follows:

_I WAS in the TRANSfer Book for over a_ _year + half and the (LAB Job) WAS posted during_ _this time, I was not given the chance to_ _transfer and was passed over by other employees_ _to another area. Also the Union by laws states me_ _the (employee) would have 1st chance before hiring outside?_ _This was not done._

14.   *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.   _yes_

15.   The plaintiff demands that the case be tried by a jury.   ☑ YES    ☐ NO _QB._

16.   THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff *[check only those that apply]*

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (specify): _To admit Fault +_
_to give plaintiff a monetary gift for undo stress_
_+ not follow Union rules. mindy both Corn Products_
_+ 7-507 USW local._
_____

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages,
liquidated/double damages, front pay, compensatory damages, punitive damages,
prejudgment interest, post-judgment interest, and costs, including reasonable
attorney fees and expert witness fees.

(h) ☐    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Jovo Blesich_

(Plaintiff's name) _Jovo Blesich_

(Plaintiff's street address) _8890 Calhoun Pl_
_C_

(City) _Crown Point_ (State) _IN_ (ZIP) _46307_
(Plaintiff's telephone number) (219) – _558 – 0585_

Date: _8-13-08_

## LOCAL RULES 5.2 — 5.4

### LR5.2.    Form of Papers Filed

(a)    PAPER AND FONT SIZE.  Each document filed shall be flat and unfolded on
opaque, unglazed, white paper approximately 8 ½ x 11 inches in size. It shall be plainly
written, or typed, or printed, or prepared by means of a duplicating process, without erasures
or interlineations which materially deface it.  It shall be bound or secured on the top edge of
the document. Where the document is typed, line spacing will be at least 1½ lines.  Where it
is typed or printed, (1)    the size of the type in the body of the text shall be 12 points and
that in footnotes, no less than 11 points, and (2)    the margins, left-hand, right-hand, top, and
bottom, shall each be 1 inch.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 353-2713
TTY: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
STATE & LOCAL FAX: (312) 353-4041
LEGAL FAX: (312) 353-8555

FILE REVIEWS FAX: (312) 886-1168
MEDIATION: (312) 353-6676
HEARINGS FAX: (312) 886-5391

Mr. Jovo Blesich
8890 Calhoun Place
Crown Point, Indiana   46307

> Re:   Blesich v. Corn Products International, Inc.
>        EEOC Number:   440-2007-06513

Dear Mr. Blesich:

Enclosed you will find a Non-Disclosure form for your completion and signature. Please reference the above information on the enclosed form.

Also, please sign this letter at the bottom indicating that you agree to pay ALOHA DOCUMENT SERVICES for copying costs. After we have received the forms from you, we will send the file to the copy service. **IF A COMPLAINT HAS BEEN FILED IN FEDERAL DISTRICT COURT, PLEASE PROVIDE A COPY OF THE FIRST TWO (2) PAGES OF THE COMPLAINT, SHOWING THE STAMPED DOCKET NUMBER .**

Date: _July 28, 2008_

_Sylvia Bustos (jb)_
Sylvia Bustos
Investigator Support Assistant
sylvia.bustos@eeoc.gov
Phone: 312-353-8783        Fax: 312-886-1168

(PLEASE CHECK ONE)

\_\_\_\_\_  I do not choose to review the file before it is copied.
-or-
\_\_✓\_\_  I want to review the file before it is copied.

If you wish to review the file, review is _by appointment only._ You will be contacted to schedule an appointment; please be advised that you must bring picture identification with you for access to the office.

I agree to pay Aloha Document Services for copying the documents requested in the file and I understand that I will not be charged more than fifteen (.15) to twenty-two cents (.22) per page.

Date: _7-30-08_                              _Jovo Blesich_     _Jovo Blesich_
                                             Signature (print name)

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jovo Blesich<br>8890 Calhoun Place<br>Crown Point, IN 46307 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|

**CERTIFIED MAIL  7099 3400 0018 8814 8686**

☐　On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06513 | Sherice Galloway,<br>Investigator | (312) 886-4824 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐　The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐　Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐　The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐　Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒　The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐　The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐　Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_John P. Rowe,_
_District Director_

5/13/08
(Date Mailed)

cc:　**CORN PRODUCTS INTERNATIONAL, INC.**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-06513 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jovo Blesich | (219) 365-2499 | 03-04-1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8890 Calhoun Place, Crown Point, IN 46307 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CORN PRODUCTS INTERNATIONAL, INC. | 500 or More | (708) 563-3524 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6400 South Archer Avenue, Bedford Park, IL 60501 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest: 11-01-2006   Latest: 11-01-2006<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about January 8, 1990, and my current position is Operator. I bid for a position in the Lab, and I was not transferred.

I believe I have been discriminated against because of my age, 49 (DOB 03/04/1958), in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC

AUG 10 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 10, 2007           *[signature]*<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

* * * Communication Result Report ( Jul. 14. 2008 12:28PM ) * * *

1) Halls of St George
2)

Date/Time: Jul. 14. 2008 12:28PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 0303 | Memory TX | 13123534041 | P. 1 | OK | |

-----------------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

To:__Sylvia Bustos_____     Date:_____7/14/08_____

Fax:_(312) 353-4041_____     _____

From:__Jovo Blesich –__(219) 613-4848

Re:__ EEOCC Charge # 440-2007-06513

Pages:_____1_____ (including this cover page)

Comments:

____I, Jovo Blesich, request to review and obtain copies of documents contained in my investigation file._____

_Jovo Blesich_
_7/14/08_

To:__Sylvia Bustos_____ Date:_____7/14/08_____

Fax:_(312) 353-4041_____

From:__Jovo Blesich –__(219) 613-4848

Re:__ EEOCC Charge # 440-2007-06513

Pages:_____1_____ (including this cover page)

Comments:

____I, Jovo Blesich, request to review  and obtain copies of documents contained
in my investigation file._____

_____ _Jvo Bles_____
                                   7/14/08

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### AGREEMENT OF NONDISCLOSURE

Pursuant to Section 705g(1) of Title VII, the EEOC shall have power to cooperate with private individuals in order to accomplish the purposes of Title VII. This same authority also applies to actions under the Americans with Disabilities Act.

### PERSON REQUESTING DISCLOSURE

| [X] CHARGING PARTY | [ ] RESPONDENT | [ ] AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | [ ] AGGRIEVED PERSON IN COMMISSIONER CHARGE | [ ] NAMED PARTY IN CLASS ACTION |
|---|---|---|---|---|

| ATTORNEY REPRESENTING | | | | |
|---|---|---|---|---|
| [ ] CP   [ ] RESPONDENT | | [ ] AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | [ ] AGGRIEVED PERSON IN COMMISSIONER CHARGE | [ ] NAMED PARTY IN CLASS ACTION |

CHARGE NUMBER(S) OF FILE(S) TO BE DISCLOSED    440 - 2007 - 06513

## STATEMENT

I ___Jovo Blesich___, request disclosure of Commission case files(s) in
(Print or type name)

connection with contemplated or pending litigation. I agree that the information disclosed to

me will not be made public or used except in the normal course of a civil action or other

proceeding instituted under Title VII, the Equal Pay Act, the Age Discrimination in Employment

Act, or the Americans with Disabilities Act involving such information.

In witness whereof, this agreement is entered into as of the __30__ day of __July__ 20 __08__

by the Equal Employment Opportunity Commission representative named below and the person requesting

disclosure.

_____Jovo Blesich_____ 219 558-0505
Person requesting disclosure (Signature and telephone number/area code)

_____8890 Calhoun Pl Crown Point In 46307_____
Complete address

_____
EEOC representative (Signature and title)

EEOC FORM 167 (10/94)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Chicago District Office

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

September 25, 2007

Jovo Blesich
8890 Calhoun Place,
Crown Point, IN 46307

Re:     Blesich v. Corn Products International, Inc.
        EEOC Number: 440-2007-06513

Dear Mr. Blesich:

This is to inform you that I have been assigned as the Investigator for your charge. Presently, I am waiting to receive evidence from the Respondent that you charged with discrimination. When all of this information has been received and analyzed, I will be able to determine what additional steps are appropriate. At any point in this process, I will welcome whatever additional input you may have regarding your charge.

The large inventory of cases currently under investigation in our office may affect the length of time needed to process your charge. You should expect that it will generally require at least six months. We understand that you may be very concerned about your charge when you have not been in contact with us for several weeks or months. Please be assured that the Commission is committed to investigating your charge as expeditiously as possible. We regret that our staff size does not permit us to provide you with more frequent interim contacts without slowing the progress of our investigations. We ask for your understanding and cooperation in this regard.

If it is necessary for you to contact me regarding the investigation of your charge, you may write to me at the above address. Also, if you wish to submit additional information, or report additional complaints of discrimination to us, including reprisal by Respondent against you for filing your present charge, you may do so by writing, or faxing (see fax number above), or by phoning me; I can be reached at (312) 886-4824, between the hours of 8:30 a.m. and 5:00 p.m., Monday through Friday. You may also email me at sherice.galloway @eeoc.gov.

Please be advised that for security reasons, **all visitors to our office must have an appointment, and a photo ID.**

If you need to meet with me for any reason, please contact me for an appointment at (312) 886-4824.

Sincerely,

*Sherice Galloway*
Sherice Galloway
Investigator

Case 13-CB-18747

County of Cook
                SS
State of Illinois

# AFFIDAVIT

I, Jovo Blesich, being first duly sworn upon my oath, hereby state as follows: I have been given assurances by an agent of the National Labor Relations Board that this affidavit will be considered confidential by the United States Government and will not be disclosed unless it becomes necessary for the government to produce the affidavit in connection with a formal proceeding.

My address is 8890 Calhoun Place, Crown Point, Indiana . My telephone number is 219-613-4848. I am employed by Corn Products International, located at 6400 South Archer in Bedford Park, Illinois.

1       I have worked for Corn Products for almost 18 years – it will be 18 years in

2   January. I am an Operator and I operate machinery and computers. Corn Products is a

3   food processing facility. I am in the Germ and Oil department. We make crude oil such

4   as Mazola and finished oil. My supervisor is Bill Annuziata, and he is the Extraction

5   Supervisor. Annuziata reports to Earl Washington, who is the manager of our

6   department. I work on various shifts, and I switch every five weeks, except for day shift,

7   which we work 10 weeks at a time. I work all three shifts. I normally work about 44 to

8   50 hours a week, on average. I earn $22.91 per hour. I pay a portion of the premium for

9   my health insurance, I pay union dues, and we have a 401(k) plan.

10      At Corn Products, the production employees are represented by United

11  Steelworkers Union Local 7-507. Previously, the employees were represented by the

12  Chemical Workers Union and also the PACE union. I have been in these unions since I

13  started working at Corn Products, once I finished my 3 or 6 month probation. I am

14  currently a member in good standing of Local 7-507. My dues are deducted directly from

15  my paycheck once a month. We are paid weekly.

16      I used to a union steward for my team, but I gave this up about three years ago. I

17  think that I was a steward from about 2000 to about 2003. This was with the PACE

18  union, I think. Or it may have been the Atomic and Chemical Workers. I do not recall if

1    I was appointed or election, but I think that I just took the position because no one else

2    wanted it. I believe that the current union representatives were also representatives when

3    I was a steward. I have not run for any union. I have not been active in supporting

4    anyone for union office, other than to support a steward in my department.

5        Back in November 2005, I put a bid in to work in the Lab. The Lab employees

6    are represented by the Union as well. I had been talking to Milton Garrett, who worked

7    in the Lab at the time. I put for this bid because I had had 10 surgeries in the last 17

8    years and I felt that the Lab work would be less demanding physically. I also knew that I

9    would have five weeks to transfer back out if I did not like the new job. This option is

10   per the contract. Garrett and another employee Lab employee named Manning told me

11   that this job was open, and they told me that they had heard that I was getting the job. At

12   the time that I put in for the job, it was not yet posted. I gave the transfer request form to

13   Human Resources. It is my understanding that HR keeps track of the these forms, and

14   sometimes employees will put in for jobs even though they are not posted. Per the

15   contract, seniority is the factor for determining who gets a vacant position.

16       I never got the lab job. In October 2006, the Company hired a man named Brian

17   (I think his last name is Gonzalez) off the street to fill the lab job. When I found out that

18   the job was filled, I called Eva Perez, who is the Human Resources Associate. I asked

19   why I did not get the opportunity for the lab job, being that I was the senior man for the

20   bid. Perez told me that I was blocked by Ray Pierce's transfer. (Employees are blocked

21   from leaving a department for two years if another employee had either left or transferred

22   into said department. Ray Pierce had transferred into my department sometime within

23   two years of October 2006, but he had transferred from on an inter-departmental basis,

24   from the oil department. I am on the germ side and Pierce had been on the oil side). In

25   about October or November 2006, I spoke to Robert Orr, who is the department steward

26   and I asked him to find out why I did not get called to fill the lab job. I asked him to

27   investigate. Orr later told me that he had talked to Derek Davis, who is the chief steward,

- 2 -

1  and Orr told me to follow up with Davis.  I called Davis in about November or December

2  2006.  Davis told me that it was an inter-departmental transfer (the Pierce transfer), and

3  that it had no effect on me.  Davis told me that I was not blocked, that he was following

4  up on it and that he had it under control.  Around this same time, within a few weeks, I

5  called Perez again and I explained to her that Davis had told me that the transfer had no

6  effect on me because it was inter-departmental.  Perez then said it was because of Ja'man

7  Lee. (Lee used to work for the Corn Products railroad, which had been dispersed).  Perez

8  told me that Lee had left the Oil side and went to another department. (Lee had in fact

9  worked on the Oil side for a short time – probably less than a year).  Shortly after this

10 call, I called Davis and I explained to him what Perez had told me about being blocked by

11 Lee.  Davis told me that the railroad guys were under a special stipulation because their

12 department was closed, and that their moves had no effect on me.  At that time, Davis

13 told me that he had everything under control, and that he was still checking into things.

14 To that point, I had not filed a grievance because Davis was telling me that I was right

15 and he was telling me that the union would get everything right.  I did not hear from

16 Davis for at least a couple of weeks, so I tried to reach him in his department (the

17 powerhouse/boiler house).  I was told by someone in that department that Davis was on a

18 family leave situation -- something to do with the passing of his father, I believe.

19      When I could not get a hold of Davis, I spoke with James Kramer, who is the

20 Vice President of the Union.  I think that by this time it was about February 2007.

21 (Kramer is the VP, but he also works for Corn Products).  I told Kramer the story of what

22 happened with my transfer being blocked and Kramer told me that he felt that I had been

23 wronged (he agreed with what Davis said about me being wronged).  Kramer told me that

24 he would talk to Chuck Swiney, who is the President (Sminey works Corn Products also).

25 Kramer got back to me within about two weeks, and he told me, in person, that Swiney

26 had told him that Davis was handling the situation and that he had it under control.  At

27 that point Davis was back from leave, but I had not heard from him.  In about March or

1   April, I ran into Davis in the locker room lobby in the Facilities Building. I told Davis
2   that a person by the name of Mitchell in the Oil Division, and that the new guy in the lab
3   could be put in the Oil Division (Building 59) and I could be put into the lab position job.
4   Davis told me that that was a great idea and he said that he would look into it. I did not
5   hear back from Davis for a few weeks. In fact, I have heard back from Davis on this
6   issue at all from Davis, but he has not returned my messages that I left in his department.
7   (I left messages with other employees in his department but he never got back to me.
8   When I left these messages for Davis, I told the employees that it was Jovo and for Davis
9   to call me back. I don't know the names of the employees with whom I left the
10  messages). I ran into Kramer on about two or three occasions in the facilities building
11  (this includes the locker room) and I asked him if he knew or heard anything about my
12  situation but he said no. When I ran into Kramer it was about April 2007. Also in about
13  April, I was in the locker room and I saw Swiney. I told him that Davis had said that I
14  was right and that Davis had said that I got screwed out of the transfer. Swiney then told
15  me that Davis was wrong and that I had nothing coming. He did not explain why this
16  was the case. He made it seem like Davis was wrong and that I should have known that,
17  but that was not true because Davis had told me that I did have a case. I did not respond
18  to Swiney at that time. I think that it was just me and him in the locker room at that time
19  and there were no other employees around in the area.
20      I was not sure what to do about Swiney's response, nor was I happy that the union
21  was not helping me with my situation. I talked the Art Powers, a co-worker, and he told
22  me that he had gotten help from Esther Foster, the International Rep for the union. I
23  called Foster by phone in about late April to early May 2007. I explained the situation to
24  her about my not getting the transfer. She promised me that she would look into it and
25  get back to me. I told her that all I wanted to know was the truth about what had
26  happened with the transfer. She said that she would investigate. About three weeks to a
27  month had passed and I did not hear back from Foster, so I left her a voice mail to call

- 4 -

1  me. Foster called me on June 7, 2007 and she told me that I should have gotten a chance

2  at the position, but that it was my own fault because I waited too long to do anything.

3  Foster told me that the six month period had expired for me to do anything, and that there

4  was nothing that the union could do because the time had expired. I do not know if there

5  is a six month provision in the contract of any kind. I told her that I spoke to her in about

6  April, and that this was within six months of the person being hired. She said that I was

7  correct. I told her that I spoke with the other union people even earlier. I told her that I

8  would not let this lie, and that I would go to the EEOC or Labor Relations. She told me

9  to do what I felt I had to do.

10    The next day, I ran into Kramer in the locker room. I told him that they were

11  saying that I waited too long to do anything. He said yes, and I told him shame on you. I HE KNEW
                                                                                              JB

12  told him all along that this was supposed to be investigated by Davis.

13    That was the last time that I spoke to anyone from the union on the issue. In

14  about the last month, I passed right by Davis but he did not say a word to me. This was

15  unusual because we know each other.

16    I never filed a grievance over the transfer issue because I was under the

17  impression that the Union, through Davis, was representing me in the matter. I have not

18  filed any grievances in the past with the union so I was not familiar with the procedure.

19    I do not have any personal disagreements with anyone from the union. My theory

20  is that the Union must be in cahoots with the Company on this transfer issue. I do not

21  have any evidence of this, but I do not know what other reason there could be. I don't

22  know why the union would allow a man from the outside get the job instead of me. I

23  don't know why the union did not have me file a grievance. I did not ask to file a

24  grievance because I did not know that I had to specifically ask to file a grievance over the

25  issue because I was under the impression that Davis was going to investigate it and take

26  care of it.

Case 13-CB-18747

**Affidavit of Jovo Blesich**

**August 10, 2007**

1    As far as I know, Brian is still working in the lab. Last September, I went to the

2    Company Golf Outing and I talked to Wellington (that is his last name) and I told him

3    that I was the senior man and that I was looking forward to working in the lab. He said

4    that he would look into it. So the Company knew that I wanted this lab job.

5        Last September, I returned from a 4 month leave and I had to take a job capacity

6    test upon my return. During the test, a female therapist asked me to lift a 72 pound bag

7    over my head. She also asked me to open a 200 pound valve with one hand. I refused to

8    do these test because this did not simulate any of my work functions. She explained that

9    the 72 pound bag simulated filter leaves. I explained that filter leaves are changed by two

10   or three people. I failed the test and I was supposed to go back to therapy. I eventually

11   went back to work on September 29 after successfully completing an on-job capacity test.

12   Right after the first capacity test, I talked to Davis about what I was made to do during

13   the test and he said that he could not believe it. I asked him to look into why I had to do

14   it and he said that he would look into it but he never did anything about this as far as I

15   know. I did not ask Davis about the job capacity situation on any other occasions.

I have read this statement consisting of 6 pages, including this page, I fully understand its
contents, and I certify that it is true and correct to the best of my knowledge and belief.

_____
Jovo Blesich

Subscribed and Sworn To Before me at
Chicago, Illinois, August 10, 2007.

_____
Paul Prokop, Board Agent
National Labor Relations Board

- 6 -

Finally, I am going ahead with this process in order to not allow this to happen to anyone else at Corn Products.

I according to my Union was not given due process on this transfer. I was trying for this job, due to the fact that I have had several surgeries and I am a disabled Marine Corps Veteran trying to get a less labor demand position at Corn Products. They claim I was blocked by another employee? But I believe the position I sought was posted prior to the other employee getting the other job. If indeed it was I should have recieved the 1st chance due to my seniority in plant, as stated in the union by laws. Thank you for taking the time to review this and my case. I will gladly abide by you're findings.